IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN PARSONS (TDCJ No. 1447462), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-1796-G-BN |
| LOWELL THOMPSON, | § § § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the claims asserted by Plaintiff John Parsons.

### Applicable Background

Plaintiff, a Texas inmate, incarcerated under a 2007 Navarro County conviction and sentence for aggravated sexual assault of a child, has filed this *pro se* action against Lowell Thompson, alleged to be the Navarro County district attorney, claiming that, on January 30, 2015, Thompson "went back to the 13th District Courthouse and had [a judge] sign off on his revisions [to paperwork regarding Plaintiff's plea bargain] without taking [Plaintiff] back to court" or notifying Plaintiff. Dkt. No. 3 at 4.

Plaintiff requests that his "previous court of convictions paperwork" be

reinstated and that he receive "monetary compensation." *Id.*

## Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

Applicable here, state prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. July 7, 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Here, even liberally construing Plaintiff's allegations – set out substantively in full above – Plaintiff fails to allege specific facts to overcome prosecutorial immunity. And, to the extent that Plaintiff challenges his state conviction and sentence, he first should bring such a challenge through a state application for habeas relief.

## Recommendation

The Court should summarily dismiss Plaintiff's claims under 28 U.S.C. § 1915A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE